## H. W. EDWARDS ET AL. V. C. J. ANDERSON ET AL.

### Decided December 17, 1902.

**1.—Fraud—Purchase from Insolvent—Charge.**

It was proper to refuse an instruction that a purchase of property for less than its value from one who was insolvent was fraudulent as to his creditors, that being evidence, but not fraud in law.

**2.—Fraud—Burden of Proof—Charge.**

It was proper to charge that the burden of proving fraud was upon one attacking a sale of property on that ground.

**3.—Immaterial Error.**

Errors in rulings on issues between plaintiff and an intervener who claimed title as against both plaintiff and defendant, became immaterial where defendant recovered.

**4.—Lien—Purchaser Pendente Lite.**

A purchaser of property under foreclosure of a lien takes title as against a purchaser under a junior lien, though he bought pending the latter's suit for foreclosure.

**5.—Newly Discovered Evidence—Diligence.**

Due diligence must have been exercised to ascertain and procure evidence, in order to make its discovery after trial ground for a new trial.

Appeal from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

Edwards, the plaintiff, and Mrs. Kempner, intervener, appeal from a judgment in favor of Anderson, the defendant.

*Davis & Cocke,* for appellant Edwards.

*H. N. Atkinson,* for appellant Mrs. Kempner.

The fourth assignment of error by Mrs. Kempner is as follows:

The court erred in refusing to grant the motion of intervener for a new trial on account of the newly discovered evidence of N. L. Davis, which is shown by his affidavit, attached to said motion, and which affidavit disclosed that the note sued on in the name of Henry Dickson was delivered to said Davis as an attorney at law by R. H. Owens, who employed him to bring said suit against himself (Owens), and that he had never seen said Dickson, or had any letters from him, and that these matters were not communicated to H. N. Atkinson, counsel for intervener, or to intervener, until after the trial of this cause.

Statement under above proposition: The affidavit of N. L. Davis will be found on page 31 of the transcript. It shows that R. H. Owens employed said N. L. Davis to bring a suit against said Owens in the name of Henry Dickscn on the Hutchenrider note to foreclose a lien on the land in controversy. Said Davis further stated that he had never spoken to Henry Dickson, or had a letter from him about said matter, but said vendor's lien note was handed to him by Henry Owens, and that neither intervener nor her counsel were advised of these facts until after the

trial. It is not deemed necessary to cite authorities under this proposition.

*Richard I. Munroe* and *J. R. Downs*, for appellee.

KEY, Associate Justice.—This is an action of trespass to try title, in which H. W. Edwards was plaintiff and C. J. Anderson, Henry Dickson, R. P. Dickson, and R. H. Owens were defendants. Mrs. Eliza Kempner intervened, claiming the property as against both plaintiff and defendants. The two Dicksons and Owens filed disclaimers.

Anderson filed an answer contesting the claims asserted by the plaintiff and the intervener. There was a trial, resulting in a verdict and judgment for the defendant Anderson, and the plaintiff and intervener have appealed.

The appellant Edwards complains because the trial court refused to instruct the jury that if Anderson knew, or by the exercise of reasonable diligence might have known, that Henry Dickson, from whom he purchased the property, was insolvent at the time of such purchase, and Anderson paid less than the value of the property, the sale was fraudulent as to Edwards, who was a creditor of Henry Dickson, and passed no title to Anderson.

We hold that no error was committed in refusing to so instruct the jury. The facts referred to were pertinent testimony on the question of fraudulent sale and good or bad faith on the part of Anderson as purchaser, but such facts did not, as a matter of law, render the same fraudulent, and the court had no right to instruct the jury that they did have such effect. Hadock v. Hill, 75 Texas, 193; Haas v. Kraus; 75 Texas, 107; Sanger v. Colbert, 84 Texas, 668.

Edwards also complains because the court instructed the jury that the burden rested upon him to show that the sale referred to was fraudulent; his contention being that the court should not have instructed the jury at all as to the burden of proof. We overrule this contention, and hold that it was not error to instruct the jury upon the subject of the burden of proof. Chittim & Parr v. Martinez, 94 Texas, 141.

The intervener's first assignment of error relates to the controversy between her and the plaintiff, but as the jury found against both of them, and in favor of the defendant, it is immaterial which of them has the superior right against the other.

The intervener's second assignment of error asserts the proposition, that, as the plaintiff and defendant purchased the property in controversy during the pendency of a suit brought by the intervener against R. H. Owens and R. P. Dickson, they were charged with notice of the intervener's rights, and purchased subject to her lien. This question arises on this state of facts: It was agreed that H. Hutchenrider was common source of title. Hutchenrider sold the property to R. H. Owens by deed dated April 13, 1896, and in part payment therefor, Owens executed a vendor's lien note for $100, which note was assigned by

Hutchenrider to Henry Dickson. Henry Dickson brought suit on the note referred to, and April 3, 1900, obtained judgment for $132.23, under which judgment the property in controversy was sold on July 3, 1900, Henry Dickson becoming the purchaser. January 1, 1897, R. H. Owens sold the property in controversy to R. P. Dickson; and on the same day, R. P. Dickson executed two promissory notes, one for $500 and the other for $1000, payable to the order of R. H. Owens, in part payment for the property referred to. These two notes were assigned by Owens to Eliza Kempner, the intervener; and on February 15, 1901, she obtained judgment in the District Court of McLennan County, in which county the property is situated, against Owens and R. P. Dickson for $1430, and a foreclosure of a vendor's lien on the property in controversy. On May 7, 1901, the property was sold by the sheriff under an execution issued on the judgment referred to, and Mrs. Kempner became the purchaser. On March 5, 1901, Henry Dickson and wife and R. P. Dickson and wife sold and conveyed the property to the defendant C. J. Anderson.

From this statement it will be seen, that, while Mrs. Kempner had a lien on the property, which she had the right to and did foreclose, it was a junior lien, and subordinate to the lien created by the note executed by Owens to Hutchenrider, which resulted in the foreclosure sale to Henry Dickson, under whom the defendant Anderson holds. Therefore, there is no merit in the intervener's contention that her title is superior to the title asserted by Anderson.

The point made by the intervener in reference to the action of the court in refusing to grant her a new trial on the ground of newly discovered evidence is without merit. The motion and affidavits accompanying it failed to show the exercise of reasonable diligence to procure the testimony before trial.

No error has been pointed out and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.