STATE ex inf. CROW, Attorney-General, v. THE MISSOURI PACIFIC RAILWAY COMPANY; STATE ex inf. CROW, Attorney-General, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY; STATE ex inf. CROW, Attorney-General, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY; STATE ex inf. CROW, Attorney-General, v. WABASH RAILROAD COMPANY; STATE ex inf. CROW, Attorney-General, v. CHICAGO & ALTON RAILWAY COMPANY; STATE ex inf. CROW, Attorney-General, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY; STATE ex inf. CROW, Attorney-General, v. ST. LOUIS & SOUTHWESTERN RAILWAY COMPANY; STATE ex inf. CROW, Attorney-General, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY et al.; STATE ex inf. CROW, Attorney-General, v. ST. LOUIS, KANSAS CITY & COLORADO RAILWAY COMPANY.

In Banc, July 3, 1903.

For the reasons stated in State ex inf. Crow, Attorney-General, v. Atchison, Topeka & Santa Fe Railway Company, ante, page 687, the writs of quo warranto in all the above cases are quashed.

, Quo Warranto.

WRITS QUASHED.

*Edward C. Crow*, Attorney-General, for informant; *Frank Hagerman* and *Adiel Sherwood* of counsel.

*Sam H. West* for St. Louis & Southwestern Railway Company respondent; *L. F. Parker* for St. Louis & San Francisco Railway Company respondent; *Geo. S. Grover* and *C. N. Travous* for Wabash Railroad Company respondent; *Wm. Brown* for Chicago & Alton Railway Company respondent; *Geo. P. B. Jackson* for Missouri, Kansas & Texas Railway Company respondent; *O. M. Spencer* and *Warner, Dean, McLeod & Holden* for Chicago, Burlington & Quincy Railway Company respondent; *Martin L. Clardy* for Missouri Pacific Railway Company and St. Louis, Iron Mountain & Southern Railway Company respondents; *W. F. Evans* and *Frank P. Sebree* for St. Louis, Kansas City & Colorado Railway Company respondent.

BURGESS, J.—These cases are all of the same character, being in quo warranto by the Attorney-General to oust defendants of certain franchises charged to be unlawfully and without authority exercised by them. They will therefore be considered together. The questions involved are substantially the same as in State of Missouri *ex informatione* Crow, Attorney-General, v. Atchison, Topeka & Santa Fe Railway Company, decided at the present term, and reported at page 687 of this volume, the only material difference being, in these cases there is no question of interstate transportation involved, while there was in that case.

The matters complained of in these cases are the making by defendants of reconsignment charges at the city of St. Louis of two dollars per car; in discriminating in charges for switching facilities and against the city of St. Louis as a locality; refusing to make de-

liveries without extra charge on any tracks of defendants or upon any track they can use; in making a discrimination against and between shippers, consignees and the St. Louis market with respect to delivery of cars of grain, wares and merchandise to connecting lines with the city of St. Louis; in creating and maintaining a monopoly at St. Louis by refusing to afford to steamboat and barge line companies like facilities in the handling and transportation of grain and grain products, which railroad companies furnished to each other on shipments through and out of St. Louis; in creating and maintaining a monopoly at St. Louis by refusing to furnish to shippers at St. Louis facilities in the transportation and handling of grain or grain products equal to the facilities afforded to persons, firms or corporations who do ship out of St. Louis over some railroad an amount of grain or grain products and other commodities corresponding to that shipped to St. Louis, and in imposing said reconsignment charge and switching charge in the manner hereinbefore stated at St. Louis, said railroad company attempts to create and does create and maintain a monopoly at St. Louis in the handling and transportation of grain and grain products and other commodities shipped into St. Louis by preventing shipment thereof on steam boat and barge lines from St. Louis, as above described at length.

For the views expressed in the case of the same informant against Atchison, Topeka & Santa Fe Railway Company, supra, the pleas to the informations are sustained, and the writs quashed. All concur.