## A. SIDOTI V. RAPID TRANSIT RAILWAY COMPANY.

### Decided March 5, 1904.

**Appeal In Forma Pauperis—Proof Before Trial Judge.**

Proof of inability to give security for the costs of an appeal, when made before the trial court, must be made while the court is in session, and an order or judgment should be entered of record showing that the action taken was the action of the court. Proof before the clerk, with a fiat of approval by the judge indorsed thereon, it not appearing whether this was done in term time or in vacation, is not sufficient. Rev. Stats., art. 1401.

Error from the District Court of Dallas. Tried below before Hon. Thos. F. Nash.

*M. M. Parks,* for plaintiff in error.

*Holloway & Holloway,* for defendant in error.

TALBOT, ASSOCIATE JUSTICE.—Plaintiff in error filed no writ of error bond, but undertook to perfect his writ of error to this court by filing an affidavit under the statute in lieu of such bond. Defendant in error moves to dismiss the writ on the ground that plaintiff in error's proof of his inability to pay costs or give security therefor was not made before the court trying the case, nor before the county judge of the county of his residence.

Upon an inspection of the record we find his affidavit to be in proper form and sworn to by him before the clerk of the District Court of Dallas County, Texas, on the 23d day of July, 1903, with the following certificate or fiat indorsed thereon, to wit: "A. Sidoti, plaintiff in error, having made strict proof before me of his inability to pay the costs of the prosecution of his writ of error or to give security therefor, he is permitted to prosecute the same upon the foregoing affidavit. T. F. Nash, judge presiding, before whom the case was tried."

The affidavit does not show, nor is there any evidence whatever in the record, showing, that at the time the affidavit was made or at the time the judge made the indorsement thereon above quoted, the court presided over by Judge Nash was in session. Neither does the record before us show that any order was entered upon the minutes of the court below, as the action of the court in reference to the proof made before the court of plaintiff in error's inability to pay the costs of the prosecution of his writ of error, or to give security therefor.

The statute requires a party, in order to avail himself of the privilege of prosecuting a writ of error from the judgment of the lower court without bond, to make proof of his inability to pay the costs of such writ or to give security therefor, before the county judge of the county of his residence, or the court trying the case. Rev. Stats., art. 1401. The authority to hear such proof is not conferred upon the judge who presided at the trial as a prerogative to be exercised by him by virtue

of his office, but upon the court over which he presides as the act of the court. In order to confer jurisdiction upon the appellate court, when resort is had to the benefits of this statute and the authority of the county judge is not called into requisition, the proof required must be made before the court that tried the case, and at a time when the same is in session. The action of the judge of such court, in hearing such proof at a place other than that provided by law for the holding of his court or when such court is not in open session, is without authority of law and of no effect. It has been held by this court that the judge need not be actually sitting upon the bench at the time the proof is made, but the court must be in session. Harwell v. Southern Furniture Co., 75 S. W. Rep., 888. The case at bar is distinguishable on the facts from other similar cases of our courts in that in those cases the record affirmatively showed that the affidavit relied upon was simply filed with the clerk of the court, without action thereon by the judge or court, or that the action of the judge was taken in vacation. Here the affidavit was made before the clerk of the court and filed by him with the certificate of the judge indorsed thereon to the effect that the proof was made before him, but the record is silent as to whether this was done in vacation or term time.

We hold that the record must affirmatively show that the proof of inability to pay the costs of prosecuting an appeal or writ of error was made before the county judge or the court trying the case, when such court was in session, and that an order or judgment was entered of record showing that the action taken was the action of the court. Lambert v. Western Union Tel. Co., 19 Texas Civ. App., 415, 47 S. W. Rep., 476.

It follows that the writ of error in this case should be dismissed, and it is so ordered.

*Dismissed.*