RHODES v. COLEMAN-FULTON PASTURE CO. (No. 5707.)

(Court of Civil Appeals of Texas. San Antonio. March 22, 1916. Rehearing Denied April 19, 1916.)

1. APPEAL AND ERROR ⬅═512—RECORD ON APPEAL—SHOWING AS TO JURISDICTION—SUFFICIENCY.

Where the sum in controversy in the county court was $159, the transcript must show that the cause was first appealed from a justice court, and, if it fails to make such showing, the appellant should be given further time to perfect the record, but, if the record is not perfected, the appeal must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2326; Dec. Dig. ⬅═512.]

2. APPEAL AND ERROR ⬅═659(1)—RECORD—FAILURE TO SHOW JURISDICTION—CERTIORARI.

Certiorari is not the proper method to perfect a record on appeal which fails to show jurisdiction of the county court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2834, 2835, 2837-2839; Dec. Dig. ⬅═659(1).]

3. APPEAL AND ERROR ⬅═627(2)—PERFECTION OF APPEAL—TIME.

An appeal will be dismissed where brought on pauper's oath after the filing of which the transcript was not filed for more than 90 days.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744-2747, 2749, 3126; Dec. Dig. ⬅═627(2).]

4. APPEAL AND ERROR ⬅═508—RECORD ON APPEAL—SUFFICIENCY.

Where appeal is taken on a pauper's oath and the record fails to show that proof thereunder was made by the county judge while the court was in session, the appeal will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2316; Dec. Dig. ⬅═508.]

5. APPEAL AND ERROR ⬅═389(3)—PAUPER'S OATH—POWER OF JUDGE.

Where attempt is made to perfect appeal after the term at which judgment is rendered, the pauper's oath must be made before the judge of the county court wherein the appellant resides, and, if the court trying the case is in session, proof must be made before the court and not the judge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2075; Dec. Dig. ⬅═389(3).]

6. APPEAL AND ERROR ⬅═508—RECORD—PAUPER'S OATH—SUFFICIENCY.

Where appeal is taken on a pauper's oath and the record fails to indicate that it was presented to the judge on the bench while holding session, it is insufficient, and the appeal will be dismissed for failure to show that the proof was made to the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2316;. Dec. Dig. ⬅═508.]

7. APPEAL AND ERROR ⬅═937(4)—PRESUMPTIONS—PAUPER'S OATH—SUFFICIENCY.

Where, at the time affidavit of inability to pay costs was made, motion for new trial was pending and no notice of appeal had been given, it must be presumed that the affidavit was presented to the trial judge off the bench and certified to by him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3792; Dec. Dig. ⬅═937(4).]

Appeal from San Patricio County Court; M. A. Childers, Judge.

Action between the Coleman-Fulton Pasture Company and D. Rhodes. From the judgment rendered, Rhodes appeals. Appeal dismissed.

John A. Jones, of Sinton, for appellant.

FLY, C. J. [1, 2] Appellee seeks to dismiss the appeal in this case, for one reason, because the transcript presents a suit for $159, instituted in the county court; the record failing to indicate that the cause was appealed from the justice's court. The record should show this, and such showing cannot be made by certiorari, and hence the cause should be dismissed. However, before the appeal should be dismissed on that ground, appellant should be given an opportunity to perfect his record so as to show jurisdiction in the county court.

[3, 4] Another reason for seeking a dismissal is that the cause was brought to this court on a pauper's oath, made on November 13, 1915, and the transcript was not filed in this court until February 18, 1916, more than 90 days after the appeal was perfected. Also, that the record fails to show that proof was made before the county judge while the court was in session.

[5] There has been some conflict of opinion as to the proof required in case of a pauper's oath, which is the only question we

deem it necessary to consider in this case; but it seems to be the holding of the Supreme Court that, where an attempt is made to perfect an appeal after the term at which the judgment was rendered, the affidavit of inability to make an appeal bond must be made before the judge of the county court of the county in which the appellant resides. Wooldridge v. Roller,. 52 Tex. 452; Hearne v. Prendergast, 61 Tex. 627. However, if the affidavit is made while the court that tried the case is in session, proof must be made, not before the judge, but before the court. Graves v. Horn, 89 Tex. 77, 33 S. W. 322; Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 659.

In the case of Graves v. Horn, the court said:

"But it seems that there is reason for requiring that the proof should be made before the court, if the court be in session. The statute contains no express provision that notice shall be given, and it may be that it contemplated that, if it was sought to prove the inability to secure the costs while the court was in session, a better opportunity of knowledge would be afforded to the officers and parties adversely interested, and also the court might proceed in a summary manner to give what it deemed proper notice at once, and to require the contest, if desired, to be immediately made, to the end that it might be promptly determined. However that may be, the requirement is that if the court be in session the proof shall be made before the court; and although the affidavit of the party is sufficient, in the absence of contest, this clearly means that it shall be presented to the judge on the bench while holding sessions."

To the same effect are Dixon v. Lynn, 154 S. W. 656, Fletcher v. Anderson, 145 S. W. 622, and French Piano & Organ Co. v. Elliott, 166 S. W. 29.

[6] The affidavit in this case was made during the session of the county court before the county judge. There is nothing to indicate that it was "presented to the judge on the bench while holding sessions." Can it be said that an affidavit, made before the judge, was one presented to the court? If so, the efficacy of the statute is destroyed, for it would amount to no more than an affidavit before the judge when his court was not in session. If the appellee had any rights in the premises, they were not conserved by a secret affidavit made four days at least before the motion for new trial was considered and overruled. The Supreme Court, in Smith v. Buffalo Oil Co., herein cited, did not hold that an affidavit alone found in the record would be sufficient when it was made while the court was in session, but said the court:

"We are therefore of the opinion that the affidavit itself and the evidence that it was made in open court are all that should be required."

[7] The affidavit of inability to pay costs was made when the motion for new trial was pending, and it cannot be presumed that any court would hear proof on an affidavit for an appeal before it had determined the motion for new trial. It was a novel proceeding to make the affidavit at such a time, and it must be inferred that it was merely presented to the trial judge, while he was off the bench, and was certified to by him. Not only was the motion for new trial pending at the time the affidavit was filed, but at that time no notice of appeal had been given, and the anomaly is presented of an appeal being arranged for before the necessity for an appeal had arisen.

The appeal is dismissed.