## OWENS v. FIRST TEXAS PRUDENTIAL LIFE INS. CO. (No. 1939.)

Court of Civil Appeals of Texas. Beaumont. Dec. 5, 1929.

B. E. Moore, of Beaumont, for appellant.
Major T. Bell, of Beaumont, for appellee.

WALKER, J. This case was first tried in justice court, then appealed to county court. Appellant has sought to bring her case to this court by making a pauper's oath under the provisions of article 2266, Revised Statutes

1925. Appellee moves to dismiss the appeal on the following grounds:

First. No judgment overruling appellant's motion for a new trial and giving notice of appeal was entered of record during the April term, 1929, at which the case was tried. The following May term convened on the 6th day of May. Motion was filed during that term on the 11th day of May to enter this order nunc pro tunc, and judgment was duly entered accordingly. The affidavit in lieu of appeal bond was filed on May 7th and on that date approved by the county judge at law who tried the case during the April term. Appeal bond or affidavit in lieu thereof filed before the nunc pro tunc entry of the judgment appealed from is void as being insufficient to confer jurisdiction on the appellate court. The rule is thus stated by 3 Tex. Jur. 332: "Where the judgment was not entered at the term at which it was rendered, but is entered nunc pro tunc at a later term, an appeal bond filed before the judgment is entered of record does not confer jurisdiction on the appellate court." See, also, Stinnett v. Dudley (Tex. Civ. App.) 277 S.W. 801; Cooper v. Carter (Tex. Civ. App.) 233 S. W. 1020.

Second. The affidavit in lieu of bond was filed during the May term of court, but there is no affirmative showing in the record that proof was made in open court of inability to pay or give security for costs, and the judge's order approving the affidavit as sufficient was not entered of record. On this showing the affidavit was insufficient to confer jurisdiction on this court. In Graves v. Horn, 89 Tex. 77, 33 S. W. 322, the Supreme Court said: "But it seems that there is reason for requiring that the proof should be made before the court, if the court be in session. The statute contains no express provision that notice shall be given, and it may be that it contemplated that, if it was sought to prove the inability to secure the costs while the court was in session, a better opportunity for knowledge would be afforded to the officers and parties adversely interested, and also that the court might proceed in a summary manner to give what it deemed proper notice at once, and to require the contest, if desired, to be immediately made, to the end that it might be promptly determined. However that may be, the requirement is that if the court be in session the proof shall be made before the court; and although the affidavit of the party is sufficient, in the absence of contest, this clearly means that it shall be presented to the judge on the bench, while holding sessions." See also Rhodes v. Coleman-Fulton Pasture Co. (Tex. Civ. App.) 185 S. W. 355; Sanders v. Benson, 51 Tex. Civ. App. 590, 114 S. W. 435, 436; Sidoti v. Railway Company, 31 Tex. Civ. App. 131, 79 S. W. 326, 327. It was also held by the two cases last cited that the order approving the affidavit must be entered of record "showing that the action taken was the action of the court."

Third. Appellant has failed to bring forward in her brief her assignments of error. On this ground the briefs must be stricken. Citizens' State Bank v. McMurrey (Tex. Civ. App.) 16 S.W.(2d) 541. Without briefs it is proper to dismiss the case for want of prosecution. Haynes v. J. M. Radford Grocery Company (Tex. Com. App.) 14 S.W.(2d) 811; City of Houston v. Masterson (Tex. Civ. App.) 22 S. W. 682.

Appeal dismissed.