**COX v. GAFFORD, District Clerk.**

No. 10752.

Court of Civil Appeals of Texas. Dallas.
March 19, 1930.

F. R. Graves, of Fort Worth, for relator.

B. F. Gafford and Rice Maxey, both of Sherman, for respondent.

LOONEY, J.

T. B. Cox, by next friend, Mrs. T. E. Vale, residents of Tarrant county, Tex., filed an original application in this court for the issuance of a writ of mandamus to G. P. Gafford, district clerk of Grayson county, Tex., directing and requiring him to make out and deliver to applicant, or his attorney, a transcript of the record in the case of T. B. Cox, by Next Friend, Mrs. T. E. Vale, v. Texas Electric Railway Company, numbered 40205 on the docket of the Fifteenth judicial district court of Grayson county, Tex.

After alleging all essential predicated facts, relator alleged further that, on December 28, 1929, he filed with respondent his affidavit stating his inability to pay costs of appeal, made before Hon. S. D. Shannon, county judge of Tarrant county, Tex., the county where both relator and his next friend reside; that thereafter, on January 1, 1930, respondent, joined by defendant in said cause, filed in said court an unsworn instrument purporting to be a contest of relator's affidavit; that such contest was never called to the attention of the trial court, nor was any hearing had thereon before court adjourned on January 4, 1930, nor since said time; that no notice has been given relator that any hearing of the contest was desired, nor has the same been presented to the county judge of Grayson county for hearing; that on February 19, 1930, relator made written demand on respondent for the preparation and delivery to him of a complete transcript of the record in said cause, which he declined to do.

Respondent's answer to the application of relator is, in effect, that his refusal to comply with the request for the preparation and delivery of a transcript was because he had been advised and believed that he was not required to do so under the state of the record, in that relator had failed to bring his affidavit in lieu of an appeal bond to the attention of the trial court; that same was never presented to the judge on the bench while holding a session of court, and no order of court was ever entered approving the affidavit or adjudging that sufficient proof had been made of relator's inability to pay the costs of an appeal; therefore respondent contends that this court did not acquire jurisdiction of the appeal, and insists that it would be futile to issue the writ of mandamus, because, even if the transcript should be filed and the cause docketed in this court, the appeal would have to be dismissed for want of jurisdiction.

The controlling statute is article 2266 (2098) (1401) (1401), R. S. 1925, as follows: "Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, to do so, he shall make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of the party stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon the court trying the case, if in session, or the county judge of the county in which the suit is pending, shall hear evidence and determine the right of the party to his appeal."

It will be observed that the statute provides that the party appealing may make prima facie proof of his inability to pay costs in one of two ways, that is, (1) before the county judge of the county of his residence, by his affidavit simply stating such inability (the method pursued by relator), or (2) before the court trying the case. These methods for making the prima facie proof are distinct, and should not be confused. To sustain the contention of respondent and hold that, where a party appealing makes proof of his inability to pay costs before the county judge of the county of his residence, it is also incumbent upon him to present the affidavit to the trial court for approval before the same becomes effective as prima facie proof, would be to blend and confuse the two methods and render meaningless the provision for making such proof before the county judge of the county of his residence.

 If proof is made before the county judge of the residence of appellant, all that the law requires is his affidavit setting up such inability. If made before the court trying the case, the decisions uniformly hold that the affidavit must be made, or brought, before the trial judge while on the bench holding a session of court. See Graves v. Horn, 89 Tex. 77, 33 S. W. 322; Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 659; Harwell v. Southern Furn. Co. (Tex. Civ. App.) 75 S. W. 888; Wood v. St. Louis, etc., Co., 43 Tex. Civ. App. 590, 97 S. W. 323, 324; Sanders v. Benson, 51 Tex. Civ. App. 590, 114 S. W. 435; Fletcher v. Anderson (Tex. Civ. App.) 145 S. W. 623; Rhodes v. Coleman, etc., Co. (Tex. Civ. App.) 185 S. W. 555, 556; Owens v. First Texas, etc., Co. (Tex. Civ. App.) 23 S.W.(2d) 444. And several of our Courts of Civil Appeals have gone to the length of holding that the record must disclose the fact that proof was made before the trial judge while on the bench holding a session of court, or else the appeal will be dismissed for want of jurisdiction. See Sidoti v. Rapid Transit Ry. Co., 35 Tex. Civ. App. 131, 79 S. W. 326, 327; Sanders v. Benson, 51 Tex. Civ. App. 590, 114 S. W. 435, 436; Fletcher v. Anderson (Tex. Civ. App.) 145 S. W. 622; Rhodes v. Coleman, etc., Co. (Tex. Civ. App.) 185 S. W. 355, 356; Owens v. First Texas, etc., Co. (Tex. Civ. App.) 23 S.W.(2d) 444.

██ The holdings last mentioned do not, in our opinion, comport with the liberality usually indulged in construing remedial statutes, such as the one under consideration. The right of appeal is constitutional, hence we are admonished that care should be taken to avoid such construction and application of the statute as would impair or unnecessarily complicate the exercise of such right. See Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 659; Pendley v. Berry, 95 Tex. 75, 65 S. W. 32.

██ We think the better rule, and the one more in consonance with the spirit of the statute is that, where it appears that the affidavit of inability to pay costs was made before the trial judge, or, if made before some other officer authorized to administer the oath, was brought to the attention of the trial judge, it ought to be presumed, nothing appearing to the contrary, that the proof was made as the statute requires, that is "before the court trying the case." This is clearly what Judge Williams meant in Smith v. Buffalo Oil Co., 99 Tex. 79, 87 S. W. 659, 660, when he said: "It may be that the action of the district judge in taking and authenticating the affidavit, inasmuch as he has nothing to do with such matters except when presiding over the court in session, should be treated as prima facie sufficient under the presumption in favor of right and regular action."

██ However this may be, the prima facie proof made by appellant, whether made before the county judge of the county of his residence or before the court trying the case, entitles him to a transcript unless a successful contest is waged by some officer of court or a party to the suit. See Currie v. M., K. & T. Ry. Co., 101 Tex. 482, 108 S. W. 1167; Tisdale v. Hannes & Co. (Tex. Civ. App.) 278 S. W. 325.

The statute provides that the "affidavit may be contested by any officer of the court or party to the suit, whereupon the court trying the case, if in session, or the county judge of the county in which the suit is pending, shall hear evidence and determine the right of the party to his appeal." In Stewart v. Heidenheimer, 55 Tex. 647, Chief Justice Gould made the following comment on the statute under consideration; he said: "The appellant who files the proper affidavit, as was done in this case, in ample time to allow it to be thereafter contested within twenty days after the expiration of the term, has done, we think, what the law requires of him to perfect his appeal, unless in due time the affidavit be contested." The record discloses that the affidavit in this case was filed in the trial court December 28, 1929; that January 1, 1930, before the court adjourned, January 4, 1930, for the term, respondent and the defendant in the suit filed an unsworn paper, traversing the allegations of relator's affidavit, but the contest thus begun was never prosecuted by either respondent or the defendant, evidently on the idea that the burden rested upon relator to pursue the matter further.

In this we think they were in error.

 The unsworn contest did not destroy relator's affidavit, nor did it place upon him the duty to present the contest for hearing before either the trial court or the county judge of Grayson county. Contestants held the affirmative of the issue, the burden was upon them to prosecute the contest, and, having failed, the situation presented was as though no contest had been filed. See Currie v. M., K. & T. Ry. Co. of Texas, 101 Tex. 482, 108 S. W. 1167, 1168; Tisdale v. Hannes & Co. (Tex. Civ. App.) 278 S. W. 325.

In Currie v. M., K. & T. Ry. Co. of Texas, supra, Judge Williams, on the point under consideration, used the following conclusive language: "The plaintiff filed an affidavit in lieu of an appeal bond, which stated all the facts required by the statute. This was all the proof of inability which the law required, so long as it was uncontested. The defendant filed a paper, unverified by oath, which merely denied the statements of the affidavit and affirmed in general terms the ability of the plaintiff to give security for, or pay, the costs. No evidence it is claimed was offered by either party, and the proposition is that the burden was on the appellant after the af-

fidavit had been so contested to offer further proof of inability. We do not think the effect of the affidavit could be destroyed in this way. While the statute does not prescribe the manner in which the affidavit may be contested, it does say that the proof of inability required shall consist of the affidavit. It then allows a contest of it, and, when there is a contest, provides that it is the duty of the judge 'to hear evidence and determine the right of the party to his appeal.' This does not in our opinion entitle an appellee by an unverified general traverse to require of his adversary further proof than that already given and declared to be sufficient until contested. It is such affidavit that is to be contested, and it naturally follows that it is to be contested by something having probative force; otherwise, it would be within the power of the appellee to destroy the effect given by the law to the affidavit without offering anything entitled to weight as evidence against it."

■ We hold therefore that proof of inability to pay costs of appeal made by relator before Judge Shannon, county judge of the county of his residence, not having been properly or effectually contested, furnished prima facie proof of his right to prosecute the appeal and to a transcript.

The clerk will therefore issue the writ of mandamus directing respondent, G. B. Gafford, clerk of the district court of Grayson county, to forthwith prepare and deliver to relator or his said attorney a complete transcript of the record of said cause. The costs of these proceedings will be taxed against respondent.