### J. E. LAMBERT V. WESTERN UNION TELEGRAPH COMPANY.

Decided October 26, 1898.

**Appeal Without Security for Costs—Making Proof of Inability.**

Where the district court before which a case has been tried is not in session the appellant can not, under article 1401, Revised Statutes, make the proof of his inability to pay the costs of appeal before the judge thereof in vacation, but in such case the proof must be made before the county judge.

APPEAL from McLennan. Tried below before Hon. M. SURRATT.

*Cunningham, Cunningham & McCollum,* for appellant.

*Geo. H. Fearons* and *Walton & Hill* for appellee.

#### OPINION ON MOTION FOR REHEARING.

KEY, ASSOCIATE JUSTICE.—Having entered a judgment reversing and remanding this cause, appellee has filed a motion asking that said judgment be set aside, and the appeal dismissed upon the ground that this court has never acquired jurisdiction.

Appellant filed no appeal bond, but undertook to comply with article 1401 of the Revised Statutes, prescribing the manner in which cases may be appealed when the parties are unable to pay the costs, or give security therefor. The record shows that an affidavit showing inability to pay or secure the costs was filed with the clerk of the court in which the case was tried, but after the court had adjourned; and that the judge of the court who tried the case certified that appellant had made proof before him of his inability to pay the costs or give security therefor; and therefore that he was allowed to appeal without filing a bond.

This action of the judge, however, was in vacation, and was not the action of the court. If the court had been in session, and the action of the judge had been entered of record, as the action of the court, it would have been in compliance with the statute; but the court not being in session, the proof of inability to pay or secure the costs should have been made before the county judge. Wooldridge v. Roller, 52 Texas, 452; Hearn v. Pendergast, 61 Texas, 627; Graves v. Horn, 98 Texas, 77.

Not having complied with the requirements of the statute authorizing appeals without bond, the jurisdiction of this court has not attached; and it becomes our duty, since our attention has been called to the fact, to set aside the judgment heretofore rendered and dismiss the appeal. Sanger v. Burke, 44 S. W. Rep., 871.

Therefore, the motion will be granted and the appeal dismissed.

*Dismissed.*