W. L. WOOD v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS.

Decided October 13, 1906.

**Appeal in Forma Pauperis—Art. 1401, Rev. Stats., Construed.**

Where in an appeal in forma pauperis the affidavit of inability to pay or secure the costs is made before a notary public of the county of the trial, and there is nothing in the affidavit or the record to show that proper proof of appellant's inability to pay the costs or any part of the same was made before the county judge of the county where appellant resides, or before the court trying the cause, the appeal will be dismissed. The statute concerning the amendment of appeal and writ of error bonds has no application to such case.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*O. S. Lattimore* and *Browning & Smith,* for appellant.

*Spoonts, Thompson & Barwise,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted by the appellant to recover damages for personal injuries alleged to have been sustained by him while loading a wagon with lumber from one of appellee's cars. Appellant alleged in this petition negligence on appellee's part in the preparation of the grounds where the injury was received, and the court

sustained general and special exceptions to the petition. Appellant having declined to amend, the suit was dismissed, and hence this appeal.

The appeal has been prosecuted *in forma pauperis* and appellee moves to dismiss the appeal on the ground that appellant has neither filed an appeal bond nor made proper proof of his inability to pay or secure the costs. The affidavit of inability to pay costs or to give security therefor is in form, perhaps, sufficiently in compliance with article 1401 of the Revised Statutes, save that it appears to have been verified before a notary public of the county of the trial, and nothing upon the face of the affidavit, nor in the record, appears showing that proper proof of appellant's inability to pay the costs, or part thereof, was made before the county judge of the county where appellant resides, or before the court trying the case, as required by the article referred to. This article provides that "where the appellant or plaintiff in error is unable to pay the costs of appeal, or to give security therefor, he shall nevertheless be entitled to prosecute his appeal, but in order to do so, he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party under this article to his appeal." In Graves v. Horn, 89 Texas, 77, our Supreme Court held that an affidavit made before the clerk and filed in his office was not a compliance with the above statute, either in substance or form. The reasons upon which this decision is founded apply with equal force to the affidavit before us, which hence must be held to be insufficient. The affidavit before us is in legal effect the same as if no affidavit had been filed in the trial court. Nor does the statute cited comprehend the amendment of a defective affidavit. Its terms relate only to appeal or writ of error bonds, and no authority seems to have been conferred upon this court to conduct a contest of the truth of an affidavit made in lieu thereof, which contest, or a right to contest, as before stated, is expressly conferred by the statute.

We conclude that the motion to dismiss the appeal should be sustained and the appeal dismissed.

*Dismissed.*