## T. A. SANDERS v. E. D. BENSON.

Decided October 10, 1908.

**1.—Appeal—Forma Pauperis—Case Followed.**

In an appeal forma pauperis, the record must affirmatively show that the proof of inability to pay the cost of prosecuting an appeal or writ of error was made before the County Judge, or before the court trying the case when such court was in session, and that an order or judgment was entered of record showing that the action taken was the action of the court. Sidoti v. Rapid Transit Railway Co., 35 Texas Civ. App., 131, followed.

**2.—Same—Statute Construed.**

Where an affidavit for appeal in forma pauperis appeared to have been filed by the clerk of the court during the term at which the case was tried, but it did not affirmatively appear that the proof was made before the judge while the court was in session, nor that such proof was made before the County Judge of the county of appellant's residence, the appeal will be dismissed.

Appeal from the County Court of Tarrant County. Tried below before Hon. John L. Terrell.

*Martin & Smith* and *T. N. McCoulskey,* for appellant.

*J. M. Mothershead* and *Buck, Cummings, Doyle & Bouldin,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is an appeal *in forma pauperis* by T. A. Sanders from a judgment of the County Court rendered against him in favor of the appellee, E. D. Benson. Appellee has presented a motion to dismiss the appeal for want of jurisdiction in this court, because the appellant has not complied with the statute authorizing appeals without bond, the precise objection being that there is nothing in the record to show that the affidavit of inability to pay the costs or make bond was considered and passed on by the court while in session. The affidavit, which appears to be in proper form, is subscribed and sworn to by appellant before John A. Kee, county clerk, November 22, 1907, and bears the following indorsements: "Approved before me this November 22, 1907. John L. Terrell, county judge." "Filed November 22, 1907. John A. Kee, county clerk." The caption to the transcript shows that the County Court, presided over by Judge John L. Terrell, convened on November 4, A. D. 1907, and adjourned January 4, 1908. The affidavit, therefore, appears at least to have been made and approved by the judge during term time, but whether in open session does not appear. Article 1401, Sayles' Texas Civil Statutes, under which the appeal is attempted to be prosecuted, is as follows: "Where the appellant or plaintiff in error is unable to pay the costs of appeal or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but in order to do so he shall be required to make strict proof of his inability to pay the costs or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party stating his inability to pay the costs, which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party under this article to his appeal."

If the question were an open one we might incline to the view that the approval of the judge above set forth amounted to a determination by the court in favor of appellant's right to prosecute this appeal, since the date upon which such approval appears to have been made shows to have been during term time, and presumably while the court was in session, since it was the duty of the judge to hear and determine such question at such time. But in Sidoti v. Rapid Transit Ry. Co., 35 Texas Civ. App., 131, the judge before whom that case was tried indorsed upon the appellant's affidavit as follows: "A. Sidoti, plaintiff in error, having made strict proof before me of his inability to pay the costs of the prosecution of his writ of error or to give security therefor, he is permitted to prosecute the same upon the foregoing affidavit. T. F. Nash, judge presiding, before whom the case was tried;" and the Court of Civil Appeals for the Fifth District dismissed the appeal, holding that the record must affirmatively show that the proof of inability to pay the costs of prosecuting an appeal or writ of error was made before the county judge, or the court trying the case when such court was in session, and that an order or judgment was entered of record showing that the action taken was the action of the court. See, also, Lambert v. Western U. Tel. Co., 19 Texas Civ. App., 415; Smith v. Buffalo Oil Co., 99 Texas, 77; Wood v. St. Louis S. W. Ry. Co. of Texas, 43 Texas Civ. App., 590.

The most that can be said in the present case is that the affidavit was approved by the judge trying the case at a time when the court may or may not have been in session. It does not affirmatively appear that the proof was made before the judge while the court was in session, without which, according to the rule announced in Sidoti v. Rapid Transit Ry. Co., *supra,* jurisdiction of the Appellate Court does not attach. Nor is there anything to indicate that the proof was made before the county judge of the county of appellant's residence. The appeal is therefore dismissed.

*Dismissed.*