## LUCY SPELL, GUARDIAN, v. WM. CAMERON & COMPANY.

Decided June 25, 1909.

**Appeal—Jurisdiction—Proof of Inability to Pay Costs.**

In order to confer jurisdiction on the Court of Civil Appeals on appeal by an affidavit of inability to pay costs of appeal or give security therefor, it is requisite that proof be made before one or the other of the tribunals named in the statute. Revised Statutes, art. 1401.

Appeal from the District Court of Hardin County. Tried below before Hon. L. B. Hightower.

*John J. O'Fiel* and *A. M. Hill*, for appellant.

*Taliaferro & Nalle* and *Sleeper, Boynton & Kendall*, for appellee.

McMEANS, Associate Justice.—Lucy Spell, as guardian and next friend of Oscar Spell, a minor, brought this suit against Wm. Cameron & Co., Incorporated, to recover damages for personal injuries alleged to have been sustained by the minor while in the employment of the defendant. From a judgment in favor of the defendant, the plaintiff attempted to appeal to this court under the provisions of article 1401 of the Revised Statutes of 1895, which reads as follows:

"Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, in order to do so, he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party, stating his inability to pay the costs, which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence, and to determine the right of the party, under this article to his appeal."

The affidavit provided for in the foregoing article was subscribed and sworn to by Lucy Spell before A. M. Hill, a notary public of Hardin County, and contained substantially all the essential statements prescribed by the statute. But the statute clearly requires that proof of appellant's or plaintiff in error's inability to pay the costs of appeal, or give security therefor, shall be made either before the county judge of the county where such party resides or before the court trying the case. We think that in order to confer jurisdiction on this court on appeal by an affidavit of inability to pay costs of appeal or give security therefor, it is requisite that proof should be made before one or the other of the tribunals named in the statute, and that appellant having in that regard failed to comply with its requirements, the appeal should be dismissed, and it is so ordered. Kalklosh v. Bunting, 88 S. W., 389; Wood v. St. Louis S. W. Ry., 43 Texas Civ. App., 590; Graves v. Horn, 89 Texas, 77.

*Appeal dismissed.*