W. B. WILKINS V. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY
OF TEXAS.

Decided June 26, 1909.

#### Appeal—Affidavit in Lieu of an Appeal Bond.

An affidavit in lieu of an appeal bond made before the clerk, without proof being made before the court trying the case or the county judge of the proper county as required by the statute, is insufficient to give the Court of Civil Appeals jurisdiction. Graves v. Horn, 89 Texas, 77.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*Henry Bishop* and *Vaughan & Hart,* for appellant.

*E. B. Perkins, D. Upthegrove* and *Scott, Sanford & Ross,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—On March 20, 1909, a motion was filed in this court by appellee to dismiss this appeal for want of jurisdiction. On March 26th an agreement signed by the attorneys of both parties was filed that the motion be postponed for thirty days, or until the next succeeding submission day after Friday, the 26th of March, 1909. The motion to dismiss was thereupon postponed until the 16th of April, and the submission of the cause was postponed until the 17th of April, 1909, on which day the cause itself was submitted. There is filed among the papers a letter from appellee's counsel to the attorneys for appellant to the effect that the motion to dismiss the appeal may be withdrawn if appellant's attorneys will consent that the submission of the case be postponed a sufficient length of time to enable appellee's attorneys to prepare briefs. Briefs have been filed by appellee and the proposition in the letter presumably complied with.

The case was tried in the District Court of Hill County at the May term, 1908. A trial resulted in a judgment for defendant on May 20, 1908. Plaintiff's motion for new trial having been overruled, he excepted and gave notice of appeal and sought to perfect an appeal by making affidavit before the clerk for the purpose of perfecting the appeal in *forma pauperis.* The affidavit was sworn to before the clerk. No proof was made before the county judge of the county where the plaintiff resides, or the court trying the case to determine his right to so appeal. The facts in all respects are substantially the same as those passed upon by the Supreme Court in the case of Graves v. Horn, 89 Texas, 77. The affidavit made before the clerk of the court trying the case does not comply in substance or in form with the requirements of the statute, and is insufficient to confer jurisdiction upon the appellate court. Even if the motion to dismiss the appeal was withdrawn, as soon as the attention of this court was called to the insufficiency of the affidavit it became our duty to dismiss the appeal for want of jurisdiction, and it is so ordered.

*Dismissed.*