### WASHINGTON v. HAVERTY FURNITURE CO. et al.

(Court of Civil Appeals of Texas. April 20, 1911.)

1. APPEAL AND ERROR (§ 389*)—PROCEEDING IN FORMA PAUPERIS—AFFIDAVIT.

Under Rev. St. 1895, art. 1401, providing that the court, if in session, or the county judge, shall determine the right of a person to appeal on affidavit of inability to pay costs in lieu of appeal bond, the making of the affidavit before the clerk and filing it with him is not sufficient to give the appellate court jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2072-2076; Dec. Dig. § 389.*]

2. APPEAL AND ERROR (§ 389*)—PROCEEDINGS IN FORMA PAUPERIS — AFFIDAVIT — NEW BONDS.

The statute allowing new appeal bonds to be filed is not applicable to affidavits in lieu of

bond, and there can be no postponement of proceedings until a new affidavit of inability to pay costs in lieu of appeal bond can be prepared, if the first affidavit was insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2072-2076; Dec. Dig. § 389.*]

Appeal from Tarrant County Court; Chas. T. Prewett, Judge.

Action by the Haverty Furniture Company and others against Hannah Washington. From a judgment for plaintiffs, defendant appeals. Dismissed.

L. M. Neblett, for appellant. Bryan & Spoonts, for appellees.

LEVY, J. [1] Upon the judgment in this case the appellant gave notice of appeal, and sought to perfect the appeal by filing with the clerk of the court an affidavit, made before the clerk after final judgment of the term of the court, of her inability to pay the costs of appeal or give security therefor. It does not appear in the record that such affidavit was presented or acted upon by the court trying the case, or the county judge. The statute expressly requires the court trying the case, if in session, or the county judge of the county where the party resides, to hear evidence and determine the right of such party to have the appeal on affidavit of inability to pay costs in lieu of an appeal bond. Article 1401, Rev. St. 1895. And the making of such affidavit before the clerk and merely filing it with him is not such a compliance with the statute as to perfect the appeal and give this court jurisdiction to entertain the appeal. Graves v Horn, 89 Tex. 77, 33 S. W. 322; Hearne v. Prendergast, 61 Tex. 627; Bargna v. Bargna, 123 S. W. 1143.

[2] Appellant asks a postponement of the submission of the cause until such reasonable time as she can prepare and file an amended or new affidavit. It was decided in Wood v. Railway Co., 43 Tex. Civ. App. 590, 97 S. W. 323, that the statute allowing new appeal bonds to be filed related alone to bonds, and was not applicable to affidavit in lieu of bond; and it would not accomplish appellant anything to postpone the submission.

The appeal is dismissed.