On appeal in a misdemeanor case, a purported statement of facts, indefinitely identified as such, will not be considered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2866–2880; Dec. Dig. § 1099.*]

Appeal from Tyler County Court; R. A. Shivers, Judge.

Rod Drake was convicted of unlawfully carrying a pistol, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was prosecuted and convicted for unlawfully carrying a pistol, and his punishment fixed at $100 fine.

There is no statement of facts contained in the record, as required by law. There is with the file a separate paper, which, while rather indefinitely identified as such, was intended for the original statement of facts. It has been the uniform holding of this court that, in misdemeanor cases, such purported statement of facts cannot be considered. It is unnecessary to cite the cases, though we call attention to some of the more recent ones. Looper v. State (two cases) 136 S. W. 791; Carney v. State, 140 S. W. 440; Wagoner v. State, 140 S. W. 339; Morris v. State, 140 S. W. 775; Brogdon v. State, 140 S. W. 352; Jenkins v. State (two cases) 141 S. W. 222, 223; Skinner v. State, 141 S. W. 231.

The only questions attempted to be raised by the appellant cannot be considered without a statement of the facts. This is in accordance with the uniform and long holding of this court.

The judgment will be affirmed.

---

## FLETCHER v. ANDERSON.

(Court of Civil Appeals of Texas. Amarillo. Feb. 10, 1912.)

1. APPEAL AND ERROR (§ 389*)—TAKING APPEAL—POOR PERSON—AFFIDAVIT IN LIEU OF BOND.

Sayles' Ann. Civ. St. 1897, art. 1401, authorizing a poor person to appeal by making an affidavit of his inability to pay costs before the county judge of the county of the appellant's residence, has no application to a transient person who is a nonresident of the county in which the action is tried.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2072–2076; Dec. Dig. § 389.*]

2. APPEAL AND ERROR (§ 389*)—TAKING APPEAL—POOR PERSON—AFFIDAVIT IN LIEU OF BOND.

Sayles' Ann. Civ. St. 1897, art. 1401, authorizes a poor person to appeal by filing an affidavit of his poverty executed before the "court" trying the cause. *Held* that, where an appeal is taken under such provision, the record must show that the proof was made before the judge who tried the case while holding a session of the court, and that an affidavit showing that it was made before the county judge who tried the case was insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2072–2076; Dec. Dig. § 389.*]

Appeal from Wichita County Court; C. B. Felder, Judge.

Action by J. J. Fletcher against R. T. Anderson. Judgment for defendant, and plaintiff appeals. Dismissed.

W. T. Carlton, for appellant. W. T. Russell, for appellee.

GRAHAM, C. J. Appellant filed this suit in the county court of Wichita county, on January 21, 1911, against appellee, seeking $1,000 damages alleged to have been sustained by appellant as a result of a wrongful arrest made by appellee in November, 1909. At the conclusion of the introduction of evidence on a trial before a jury, the trial court peremptorily instructed a verdict for appellee, and verdict and judgment were so rendered on March 10, 1911. Appellant's motion for a new trial having been overruled, he excepted and gave notice of appeal, and on the 29th day of March, 1911, filed with the clerk of the county court of Wichita county an affidavit of his inability to give an appeal bond or to pay the costs or any part thereof, and the record is before us on this affidavit, no appeal bond having been filed in the court below. Under these conditions, the first question with which we are confronted is, Does the record as a whole show that the affidavit in lieu of an appeal bond, as it appears in the record, show that article 1401, Sayles' Annotated Civil Statutes, has been so complied with as to perfect the appeal, and thereby confer jurisdiction on this court to dispose of the case on its merits? If it does, we should then dispose of the appeal on its merits. If it does not, then this court is without jurisdiction so to do.

[1] An inspection of said article 1401 will show that but two modes of perfecting an appeal on the oath in lieu of bond is provided; one being to make the proper proof before the county judge of the county of the residence of the applicant, and the other is to make the proper proof before the court trying the case, not before the judge trying the case. The affidavit in this case shows that at the time the appeal was attempted by making and filing the affidavit the applicant was a transient person, and therefore not a resident of Wichita county, and that, therefore, this clause of the statute

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

cannot be held to have been complied with, and it therefore remains to be seen whether or not from the record before us the appeal has been perfected by a compliance with the requirements of the statute as to the other mode mentioned.

[2] We have reached the conclusion, after due deliberation, that this court is without jurisdiction to entertain this appeal for the reason that, as we view the matter, the record does not show that the statute regulating appeals by affidavit in lieu of bond has been complied with so as to perfect the appeal in this case. While the affidavit itself was made before the county judge who tried the case, and is we think in form and substance sufficient under the law, were there anything in the record sufficient to show that same was made before the judge in open court, or presented to him in open court after it had been made, yet there is nothing in the entire record showing either that the affidavit was presented to the trial court in term time and in open court, or even that it was made before the court in open session of court, or that he in any way judicially acted upon the same in such way as to authorize the appeal to be prosecuted on the affidavit in lieu of bond.

An examination of the authorities has convinced us that there are many apparent conflicts in the decisions of the Courts of Civil Appeals in this state on questions growing out of an attempted appeal on affidavit, though we have found no case in which the direct question here involved has been passed upon. In the case of Graves v. Horn, 89 Tex. 77, 33 S. W. 322, the Supreme Court, speaking through Chief Justice Gaines, in discussing a similar question to the one under consideration, uses this language: "However that may be, the requirement is that if the court be in session the proof shall be made before the court; and although the affidavit of the party is sufficient, in the absence of contest, *this clearly means that it shall be presented to the judge on the bench while holding sessions.*" The most thorough discussion we have found on the question that would throw light on the one involved in this appeal is in the case of Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 659, wherein Justice Williams, speaking for the Supreme Court, after a lengthy discussion on the construction that should be given the statute, uses this language: "We are therefore of the opinion that the affidavit itself and the evidence that it was made in open court, are all that should be required. * * *" The case of Harwell v. Southern Furniture Co., 75 S. W. 888, clearly holds that the affidavit must be shown by the record to have been presented to the trial court in open court and during term time, if the affidavit were made before the trial court. In that case the Court of Civil Appeals, speaking through Chief Justice Rainey, uses

this language: "The making of the affidavit before the court trying the case is sufficient proof, unless there is a contest. But it is insisted that the judge was not sitting as a court when the proof was made before him. At the time the affidavit was made the evidence showed, in substance, that the court was in session, but there was a temporary suspension of business. The judge was not actually sitting on the bench, but was in the courtroom, where business of the court was dispatched. We are of the opinion that the making of the affidavit under these circumstances was making proof before the court trying the case." In the case of Sanders v. Benson, 51 Tex. Civ. App. 590, 114 S. W. 435, the Court of Civil Appeals at Ft. Worth, speaking through Justice Speer, held an affidavit insufficient, even though it had the indorsement thereto of the judge trying the case, showing that the same had been approved by him, the record showing that the date of the approval was during term time of the court, was insufficient to support the appeal, in that there was nothing in the record showing that the court had acted on the affidavit in open court or as a judge, and in dismissing the appeal in that case uses this language: "The most that can be said in the present case is that the affidavit was approved by the judge trying the case at a time when the court may or may not have been in session. It does not affirmatively appear that the proof was made before the judge while the court was in session. * * *" And he then proceeds to hold that, unless the record affirmatively so shows, the jurisdiction of the appellate court does not attach.

The affidavit being in this condition, we think it cannot be sustained on the theory that the proof was made before the county judge of the county of the residence of affiant as contradistinguished from its having been made before the court in which the case was tried.

Believing that this court is without jurisdiction to dispose of the case upon its merits, under the authorities, and for the reasons above given, the appeal will be dismissed, and all costs incident to the appeal will be taxed against the appellant, and it is so ordered.