### WILDER v. HOUSTON & T. C. RY. CO.
(Court of Civil Appeals of Texas. El Paso. Oct. 16, 1912.)

APPEAL AND ERROR (§ 389*)—APPEAL IN FORMA PAUPERIS — STATUTORY PROVISIONS.

Under Rev. St. 1895, art. 1401, providing that proof of appellant's inability to pay costs on appeal, or give security therefor, shall be made either before the county judge of the county where he resides, or before the court trying the case, and the act creating a court in a county, to be called the county court of the county for civil causes, and conferring on such court jurisdiction in civil matters, and providing that the county judge of the county shall retain general jurisdiction of a probate court, etc., one appealing from a judgment of the district court of the county, who makes affidavit of inability to pay the costs on appeal, or give security therefor, before the judge of the county court of the county for civil cases, instead of the county judge, does not comply with the statute; and the court, on appeal, acquires no jurisdiction, and the appeal must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2072–2076; Dec. Dig. § 389.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action between Arthur Wilder and the Houston & Texas Central Railway Company. There was a judgment for the latter, and the former appeals. Dismissed.

Dowell & Dowell, of Houston, for appellant. Bentley Nelson, Lane, Wolters & Storey, Baker, Botts, Parker & Garwood, and Wm. A. Vinson, all of Houston, for appellee.

McKENZIE, J. A judgment having been rendered against the appellant in this case in the district court of Harris county, he gave notice of appeal, and sought to perfect said appeal in forma pauperis before the judge of the county court of Harris county for civil cases. Appellee presents a motion to dismiss the appeal for want of jurisdiction, because appellant did not comply with the statute authorizing appeals without bond; the record in the case disclosing the fact that appellant's affidavit and proof of inability to pay costs of appeal, or to give security therefor, was made before the judge of the county court of Harris county for civil cases, instead of the county judge of Harris county. The act creating the county court of Harris county for civil cases is, in part, as follows:

"Section. 1. That there is hereby created a court to be held in Harris county, to be called the county court of Harris county for civil cases.

"Sec. 2. The county court of Harris county for civil cases shall have jurisdiction in all civil matters and causes, original and appellate, over which, by the general laws of the state of Texas, the county court of said county would have jurisdiction, except as provided in section three (3) of this act; and all civil cases other than probate matters and such as are provided in section three (3) of this act, be and the same are hereby transferred to the county court of Harris county for civil cases, and all civil writs and processes heretofore issued by or out of said county court other than pertaining to matters over which, by section three (3) of this act, jurisdiction remains in the county court of Harris county be and the same are hereby made returnable to the county court of Harris county for civil cases. The jurisdiction of the county court of Harris county for civil cases and of the judge thereof shall extend to all matters of eminent domain of which jurisdiction has been heretofore vested in the county court of Harris county or in the county judge thereof, but this provision shall not effect [affect] the jurisdiction of the commissioners' court or of the county judge of Harris county as the presiding officer of such commissioners' court, as to roads, bridges, and public highways, and matters of eminent domain which are now within the jurisdiction of the commissioners' court or the judge thereof.

"Sec. 3. The county judge [court] of Harris county shall retain as heretofore, the general jurisdiction of a probate court; it shall probate wills, * * * and the said court, or the judge thereof, shall have the power to issue writs of injunction, mandamus, and all writs necessary to the enforcement of the jurisdiction of said court, and also to punish contempts under such provisions as are or may be provided by general law governing county courts throughout the state; but said county court of Harris county shall have no other jurisdiction, civil or criminal. The county judge of Harris county shall be the judge of the county court of Harris county, and all ex officio duties of the county judge shall be exercised by the said judge of the county court of Harris county, except in so far as the same shall by this act be committed to the judge of the county court of Harris county for civil cases." Laws 1911, c. 4.

It will be seen that the powers which the law conferred upon the county judge, as such, were reserved to the county judge of Harris county, as shown by the following language: "The county judge of Harris county shall be the judge of the county court of Harris county, and all ex officio duties of the county judge shall be exercised by the said judge of the county court of Harris county, except in so far as the same

---

shall by this act be committed to the judge of the county court of Harris county for civil cases."

Article 1401, Revised Statutes of 1895, provides that: "Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, in order to do so, he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party, stating his inability to pay the costs, which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party, under this article, to his appeal."

The article last quoted clearly provides that proof of appellant's inability to pay the costs of appeal, or give security therefor, shall be made either before the county judge of the county where such party resides, or before the court trying the case. In order to confer jurisdiction on this court, on appeal, by an affidavit of inability to pay costs of appeal, or give security therefor, it is requisite that the proceeding should be before the county judge where the appellant resides, or before the court trying the case. It is shown by the record in this case that the appellant sought to perfect the appeal by affidavit and proof before the judge of the county court of Harris county for civil cases, and not before the county judge of Harris county, as is required by the statute. The act creating the county court of Harris county for civil business did not confer upon the judge of that court the jurisdiction or authority to hear and determine a proceeding as required by article 1401, supra. The power which the statute confers upon the county judge is a special power, to be exercised by that official alone. The statute grants the privilege of appeal to this court without securing the officers of court payment for their services rendered or to be rendered in the cause. It is a privilege to be enjoyed under certain circumstances and in a manner expressly provided by the statute; but to enjoy such privileges the provisions of the statute must be substantially complied with. It is apparent from the foregoing that the appellant has not complied with the provisions of the statute. Wooldridge v. Roller, 52 Tex. 452; Hearne v. Prendergast, 61 Tex. 628; Graves v. Horn, 89 Tex. 77, 33 S. W. 322; Wood v. St. L. S. W. Ry. Co., 43 Tex. Civ. App. 590, 97 S. W. 323; Spell v. Cameron & Co.,

56 Tex. Civ. App. 547, 121 S. W. 515; Wilkins v. St. L. S. W. Ry. Co., 56 Tex. Civ. App. 587, 120 S. W. 1104; Accousi v. Stowers Furn. Co., 87 S. W. 861; Sanders v. Benson, 51 Tex. Civ. App. 590, 114 S. W. 435. Our attention has been called to no statute providing for correction or amendment in this court of the proceedings in forma pauperis on appeal.

We conclude that the motion to dismiss the appeal should be sustained, and the appeal dismissed.