DIXON v. LYNN et al.

(Court of Civil Appeals of Texas. Amarillo. Feb. 22, 1913.)

1. APPEAL AND ERROR (§ 389*)—AFFIDAVIT IN FORMA PAUPERIS—JURISDICTION.

Under Sayles' Ann. Civ. St. 1897, art. 1401, authorizing the court trying a case, if in session, or the judge of the county court, to determine the right of a party to appeal by pauper's oath, a judge of the district court had no power to swear an appellant to an affidavit in forma pauperis and place his jurat thereon after he had adjourned the term, on the same day, though the county judge, being counsel for appellant, was disqualified and appellant had no notice that the court was going to adjourn.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2072–2076; Dec. Dig. § 389.*]

2. APPEAL AND ERROR (§ 799*)—MOTION TO DISMISS—PROCEEDINGS—AFFIDAVITS.

Where the facts supporting a motion to dismiss an appeal affected the jurisdiction of the appellate court and could not have been put in issue in the trial court, they were properly presented by affidavits.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3158–3160; Dec. Dig. § 799.*]

Appeal from District Court, Armstrong County; J. N. Browning, Judge.

Action between B. F. Dixon and R. M. Lynn and others. From the judgment Dixon appeals, and appellees move to dismiss the appeal. Motion sustained, and appeal dismissed.

R. A. Moore and J. S. Stallings, both of Claude, for appellant. Fletcher & Carlisle, E. T. Miller, and R. E. Underwood, all of Amarillo, for appellees.

HUFF, C. J. [1] The appellee Lynn presents a motion to dismiss this appeal because appellant has not filed an appeal bond, or affidavit in lieu thereof, as required by the statute. The judgment from which appeal is sought was rendered at a term of the district court of Armstrong county, which adjourned the 9th day of October, 1912. An affidavit in forma pauperis was made on the 9th day of October, 1912, in lieu of appeal bond. It appears to have been made, signed, and sworn to before the honorable J. N. Browning, the presiding judge of said court. Aliunde by the affidavits of the attorneys for the respective parties, it is shown that the case was tried on the 8th day of Octo-

ber, 1912, and judgment rendered therein late that night. The next morning, before the court adjourned, a motion was presented, argued at some length, overruled by the court, exceptions taken, and notice of appeal given. The court thereupon adjourned until the next regular term thereof, and the presiding judge had gone to the depot, and while awaiting the train at that place, for the purpose of returning thereon to his home in Amarillo, the appellant presented his affidavit for appeal. The judge at that time and place swore appellant to the same and placed his jurat thereon as judge of the Forty-Seventh judicial district. The attorneys for appellees were present at the time and were notified by the appellant's attorneys if they desired to contest the same they could do so. This appellees' attorneys declined to do. The appellant was not notified that the court was going to adjourn at the time it did. It is not shown that appellant notified the judge he desired to appeal by pauper's oath before the court adjourned, or that he or his attorneys requested the court to hold open in order that he might prove up his inability to give bond or pay the costs. J. S. Stallings, one of appellant's attorneys, who actively assisted in the trial of the cause in the district court, was at that time county judge of Armstrong county and was such up to November 11, 1912. Article 1401, Sayles' Civil Statutes, gives authority to "the court trying the case, if in session, or the county judge of the county in which suit is pending, to hear evidence and to determine the right of the party under this article to appeal." It appears to be settled by the decisions that, if the affidavit is otherwise sufficient, it must nevertheless be presented to the judge on the bench while holding sessions. The appellant cannot make proof of his inability to pay the costs of appeal before the judge of the court before whom the case was tried in vacation; but, in such case, proof must be made before the county judge. Graves v. Horn, 89 Tex. 77, 33 S. W. 322; Lambert v. Western Union Tel. Co., 19 Tex. Civ. App. 415; 47 S. W. 476; Simmons v. Blanchett, 37 S. W. 346; Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 659.

[2] In this case the county judge was disqualified on account of being of counsel for appellant, and therefore the affidavit could not be made before the county judge. Kalklosh v. Bunting, 40 Tex. Civ. App. 233, 88 S. W. 389. This may work a hardship on appellant, but we know of no rule by which we can give him the right of appeal except as pointed out in the statute. The fact that he had no notice that the court was going to adjourn at the time it did does not aid him in this case. He doubtless knew what his ability was as to paying the cost when he gave notice of appeal, and, had the proper request been made of the court at that time, we doubt not the judge would have held the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

court in session to give him an opportunity to make the proper proof. The fact presented by the affidavit supporting the motion to dismiss in this court affects the jurisdiction of this court and could not be put in issue in the court trying the cause, and therefore is properly presented by affidavits. City of Austin v. Nalle, 85 Tex. 520, 22 S. W. 960; Claiborne v. Railway Co., 21 Tex. Civ. App. 648, 53 S. W. 837.

We therefore sustain the motion to dismiss the appeal, and, accordingly, order its dismissal.