RIDLING v. FANNIN COUNTY. (No. 1689.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 30, 1916.)

1. APPEAL AND ERROR ⬅389(3)—PAUPER'S APPEAL—PROOF OF INABILITY TO GIVE SECURITY FOR COSTS—STATUTE.

Under Rev. St. art. 2098, providing that where appellant is unable to pay the costs of appeal or to give security, he shall be entitled to prosecute his appeal, but must make strict proof of his inability to pay costs, either before the county judge of the county where he resides or before the court trying the case, where the party seeking to appeal as a pauper is a nonresident of the state, he must make proof of his inability to give the required security before the court which tried the case, and the certificate of a county judge in another state that he has made proof is of no legal value in perfecting the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2075; Dec. Dig. ⬅389(3).]

2. APPEAL AND ERROR ⬅792—FUNDAMENTAL DEFECT IN PERFECTING—NOTICE BY COURT —ACTION BY ADVERSE PARTY.

Where a nonresident seeking to appeal as a pauper did not make proof of inability to give the required security before the court which tried the case, as required by Rev. St. art. 2098, the defect in perfecting the appeal is fundamental, of which the Court of Appeals is required to take notice without action by the opposing party, so that the appeal will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3137-3141; Dec. Dig. ⬅792.]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Suit between Sid T. Ridling and Fannin

County. From a judgment for the county, Ridling appeals. Appeal dismissed.

J. H. G. Lee and H. G. Evans, both of Bonham, for appellant. A. S. Broadfoot, of Bonham, for appellee.

HODGES, J. The appeal in this case is prosecuted upon an affidavit in lieu of an appeal bond. In his original petition the appellant alleged that he was a resident of Miller county, Ark. As proof of his inability to make the bond required for an appeal he presents an affidavit to that effect made before a notary public of Miller county, Ark. Accompanying this affidavit he has filed the following certificate from the county judge of Miller county, Ark.:

"The State of Arkansas, County of Miller.

"I, J. M. Oats, county judge of the county of Miller and state of Arkansas, do hereby certify that Sid T. Ridley, the plaintiff in the above cause, has this day made proof before me of his inability to pay the costs of the appeal in said cause, or any part thereof, and that he is unable to give security therefor."

Article 2098, Rev. St., which regulates appeals to this court, is as follows:

"Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, in order to do so, he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party, stating his inability to pay the cost, which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party, under this article, to his appeal."

It will be observed that there are two tribunals before which proof of inability to give the required security may be made— one, the court trying the case, and the other, the county judge of the county where the appealing party resides. It has been definitely decided that the reference in this statute to the county judge of the county in which the appealing party resides is limited to the county judges of counties in Texas, and is not available to nonresidents attempting to appeal in forma pauperis. Harvey v. Cummings, 62 Tex. 187; Fletcher v. Anderson, 145 S. W. 622. See, also, Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 659. In the last-mentioned case Associate Justice Williams said:

"The statute defines what the proof it requires shall be, when it provides that it 'shall consist of the affidavit of said party, stating his inability to pay costs'; * * * and 'its evident purpose is to enable the appellant to make prima facie proof of his inability to give the required security and to enable those having conflicting interest to controvert such proof' "—citing Wooldridge v. Roller, 52 Tex. 451.

He continues:

"When it is made before the court trying the case, if in session, the statute requires no other action if there be no contest. It is only where the affidavit is made before some officer not authorized to determine the facts in case of a contest that it has been held or intimated by this court that it must be presented to one who is so authorized for further action on his part."

[1, 2] It follows from what has been decided in the cases referred to that the appellant in this instance should have made his proof of inability to give the required security before the court which tried the case, and the certificate of the county judge of Miller county, Ark., is of no legal value in perfecting this appeal. The record fails to show that the affidavit of the notary public was ever presented to the court which tried the case, and for that reason there is no evidence that the statute was complied with. It has been frequently decided that it must affirmatively appear from the record that the statutory requirements for perfecting an appeal have been followed. Sanders v. Benson, 51 Tex. Civ. App. 590, 114 S. W. 435, and cases there cited. Other cases might also be mentioned in which similar holdings are announced, but we deem it unnecessary. The defect here referred to is a fundamental one of which we are required to take notice without any action on the part of the opposing party.

The appeal will therefore be dismissed.