HORN v. MISSOURI, K. & T. RY. CO. OF TEXAS.    (No. 8801.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 23, 1918.)

1. APPEAL AND ERROR ☞389(3)—PERFECTING APPEAL — INABILITY TO PAY COSTS—PROOF.

Proof of inability to pay costs in perfecting an appeal required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2098, to be made before the court trying the case, must be before the court, if in session, and it must affirmatively appear that it was thus made to give the appellate court jurisdiction.

2. APPEAL AND ERROR ☞389(3)—PERFECTING APPEAL—INABILITY TO PAY COSTS—PROOF.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2098, requiring proof of inability to pay costs in perfecting appeal to be made before the court trying the case, the judge has no power to hear proof after adjournment for the term.

3. APPEAL AND ERROR ☞389(3)—PERFECTING APPEAL—INABILITY TO PAY COSTS—PROOF.

Hearing, while in session, proof of inability to give cost bond in the trial court would not cure irregularity in perfecting appeal in hearing proof of inability to pay costs after the court has adjourned.

4. APPEAL AND ERROR ☞792—DISMISSAL ON COURT'S OWN MOTION.

An appeal will be dismissed on the court's own motion, where absence of jurisdictional requirements appear on the face of the record, though called to the court's attention by a motion to dismiss, which under the rules need not be entertained.

Appeal from District Court, Eastland County; Joe Burkett, Judge.

· Action by O. D. Horn against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for defendant, plaintiff appeals. Appeal dismissed.

D. G. Hunt and E. A. Hill, both of Eastland, for appellant. D. K. Scott, of Cisco, H. P. Brelsford, of Eastland, and Theodore Mack, of Ft. Worth, for appellee.

BUCK, J. A judgment having been rendered against the plaintiff below in the district court of Eastland county, he gave notice of appeal, and sought to perfect his appeal .by filing his affidavit of inability to pay costs or give security therefor, in lieu of appeal bond, as provided under article 2098, Vernon's Sayles' Tex. Civ. Stats. The affidavit was made before a notary public on March 9, 1917, and in connection with said affidavit plaintiff made the following prayer:

"Wherefore affiant prays the court to grant his order allowing this appeal and order the stenographer of ·this court to prepare in narrative form a statement of facts proven on the trial of said cause."

The certificate of the trial judge, filed March 10, 1917, is in part as follows:

"I, Joe Burkett, judge of the district court of the Forty-Second judicial district of Texas, and being the judge before whom the above cause was tried in the court below, having heard the evidence of the affiant, O. D. Horn, of his inability to pay cost or give security therefor in the trial court which evidence is here considered and found sufficient to show the inability of O. D. Horn to pay the costs of appeal or give security therefor," etc.

[1] The caption of the transcript shows that the term of the district court for Eastland county began January 1, 1917, and ended February 24, 1917. Under the law the next term of the district court for Eastland county began the first Monday in July. Article 30, par. 42, Vernon's Sayles' Tex. Civ. Stats. It therefore appears that at the time the affidavit was made and filed, and at the time the certificate and order of the district judge was made, the' district court of Eastland county was not in session. Article 2098, supra, provides that proof of the inability of appellant or plaintiff in error to pay costs shall be made before the county judge of the county where such party resides, or before the court trying the case. The proof must be made before the court, if it is in session; that is, the affidavit must be presented to the judge while holding session. Graves v. Horn, 89 Tex. 77, 33 S. W. 322. While it is held in Harwell v. Southern Furn. Co., 75 S. W.

SS8, that an affidavit filed in lieu of cost bond and presented to the judge of the court while not actually on the bench, but who is in the courtroom and in the performance of his judicial duties as a court, and while the court is in session, is in compliance with the statute, yet it must affirmatively appear that the proof was made before the judge while the court was in session, when made before the judge trying the case, to give the appellate court jurisdiction. Sanders v. Benson, 114 S. W. 436; Fletcher v. Anderson, 145 S. W. 622.

[2] Under this article the judge of the district court has no power to hear proof after the court has adjourned for the term. See, also, Sidoti v. Rapid Transit Railway Co., 35 Tex. Civ. App. 131, 79 S. W. 326; Lambert v. Tel. Co., 19 Tex. Civ. App. 415, 47 S. W. 476; Smith v. Oil Co., 85 S. W. 481; Wood v. Railway Co., 43 Tex. Civ. App. 590, 97 S. W. 323. While article 1609, Vernon's Sayles' Tex. Civ. Stats., provides that where there is defect of substance or form in any appeal or writ of error bond, on motion to dismiss the same for such defect, the court may allow the same to be amended, etc., yet it has been held that this statute is not applicable to affidavits in lieu of bond. Washington v. Haverty Furn. Co., 136 S. W. 832.

[3] Nor do we think the fact that the court while in session heard proof of plaintiff's inability to give cost bond in the trial court would cure the irregularity here shown.

[4] Appellant urges that the motion to dismiss comes too late under rule 9 (142 S. W. xi) for the guidance of Courts of Civil Appeals, citing Tompkins v. Pendleton, 160 S. W. 290, 292. In that case a motion was made for certiorari to amend the transcript. On original hearing, the Court of Civil Appeals for the Austin District held that, inasmuch as it appeared that said motion was filed more than 30 days after the transcript was filed in the Court of Civil Appeals, the motion came too late, and the court accordingly overruled appellant's motion for certiorari and sustained appellant's motion to dismiss. On rehearing, it reversed its holding in both respects, and granted appellant's motion to file its amended transcript and overruled appellee's motion to dismiss the appeal. It appeared in that case that an appeal bond had in fact been filed in the appeal from the county court to the district court, and the amended transcript so showed. It affirmatively appears here that no proof of inability to pay costs or give bond was made in the manner and form required by article 2098, supra. Hence we conclude that we must order the appeal to be dismissed. Even though rule 9, above referred to, should be held to require that all motions to dismiss for the want of jurisdiction on the part of Courts of Civil Appeals to try the case should be filed within 30 days after the filing of the transcript in such courts, in order for Courts of Civil Appeals to be required to entertain such motions, which construction we can hardly believe to be the correct one, yet our attention having been called to the condition of the record which discloses an absence of compliance on the appellant's part with the statutory requirement giving us jurisdiction, we feel that the appeal should be dismissed on the court's own motion. The absence of jurisdictional requirements being apparent on the face of the record, even though it was called to our attention by a motion which under the rules we would not be required to entertain, yet, having been advised of the jurisdictional failure, it becomes our duty to dismiss the appeal for want of jurisdiction, and it is so ordered.

Appeal dismissed.