**OLIVER v. SWIFT & CO. (No. 9243.)**

(Court of Civil Appeals of Texas. Ft. Worth. March 6, 1920.)

Appeal and error ⬄389(3)—Affidavit before notary of inability to furnish bond insufficient.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2098, requiring a plaintiff who appeals without bond to make proof by affidavit before the county judge or before the court trying the case of inability to pay the costs, an affidavit made before a notary public is insufficient to give the appellate court jurisdiction.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by D. H. Oliver against Swift & Co. Judgment for defendant, and plaintiff appeals. Appeal dismissed.

Hunter & Eastes, of Ft. Worth, for appellant.
Phillips & Trammell and Capps, Cantey, Hanger & Short, all of Ft. Worth, for appellee.

CONNER, C. J. The appellant appeals from a judgment against him in an action that he instituted in the Forty-Eighth district court of Tarrant county, where he is alleged to reside, September 23, 1918. The suit was for the recovery of damages laid in the sum of $50,000 because of personal injuries alleged to have been received by the plaintiff by reason of certain alleged acts specified in the petition.

Appellant alleged that he was an employé of the Southwestern Mechanical Company

and directed to inspect and repair certain refrigerator cars of Swift & Co. that were negligently left in a dangerous condition, in the particulars specified in the petition, by reason of which he was injured.

Swift & Co. defended on the ground that plaintiff's employer, the Southwestern Mechanical Company, was a subscriber within the meaning of the Texas Compensation Act, and that the plaintiff soon after the injury in question applied to the Industrial Accident Board of the State of Texas, making a claim thereto for the payment of compensation under the act, and that the plaintiff thereafter received an award for damages from the accident board by virtue of which he had received various payments in compensation for his injuries, and the interesting question presented is whether, under such circumstances, the plaintiff may sue for and recover damages against Swift & Co., contrary to, as alleged in behalf of appellee, section 6a, pt. 2, c. 103, of the Act of March 28, 1917. See Vernon's Supplement, vol. 2, art. 5246—47.

In the case of Lancaster v. Hunter, 217 S. W. 765, this court held that under circumstances stated in that case the injured party could maintain an action against a third party liable for the plaintiff's injuries, notwithstanding that the injured party had received certain payments under the Compensation Act. But whether the present suit, under the circumstances detailed, may be so instituted and prosecuted, we are not able to determine, for the reason that we find that we are without jurisdiction.

Appellant gave no appeal bond as provided by the statutes, but attempted to prosecute his appeal by filing an affidavit in lieu of an appeal bond to the effect that he was unable to pay the cost or to give security therefor as provided for by article 2098, U. S. Tex. Civ. Stats. This article provides that a plaintiff desiring to so appeal shall make strict proof of his inability to pay the cost or any part thereof, and that such proof "shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party, stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party, under this article, to his appeal."

The judgment in this case was rendered May 29, 1919, and the affidavit filed by appellant in lieu of the cost bond was filed on June 13, 1919, but it is verified before Lewis J. Moore, a notary public in and for Tarrant county, instead of before the county judge of Tarrant county, or before the court trying

the cause as provided by the statutes, nor does the record show that such affidavit was presented to or heard by the court. Under such circumstances, our jurisdiction has never been made to attach. Graves v. Horn, 89 Tex. 77, 33 S. W. 322; Spell v. Cameron & Co., 56 Tex. Civ. App. 547, 121 S. W. 515; Bargna v. Bargna, 123 S. W. 1143; Smith v. Queen City Lumber Co., 129 S. W. 1145; Washington v. Haverty Fur. Co., 136 S. W. 832; Fletcher v. Anderson, 145 S. W. 622; Wilkins v. St. L. S. Ry. Co., 56 Tex. Civ. App. 587, 120 S. W. 1104; M. P. Ry. Co. v. Cheek, 159 S. W. 427; Ridling v. Fannin County, 190 S. W. 251; Sanders v. Benson, 51 Tex. Civ. App. 590, 114 S. W. 435.

It is accordingly ordered that the appeal be dismissed.