## HARRIS v. DAVIS, Agent. (No. 2994.)*

(Court of Civil Appeals of Texas. Texarkana. Dec. 24, 1924. Rehearing Denied Jan. 8, 1925.)

**1. Appeal and error ☞389(3)—Proof of inability to pay costs cannot be made by appellant after expiration of term.**

Proof of appellant's inability to pay costs of appeal, as ground for appeal without bond, cannot be made before the district judge who tried the case after the expiration of the term.

**2. Statutes ☞231—Construction long acquiesced in by Legislature in subsequent revisions not disturbed.**

The long-continued construction of a statute apparently acquiesced in by the Legislature in subsequent revisions will not be overturned by the courts.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by O. S. Harris against James C. Davis, Agent. Judgment for defendant, and plaintiff appeals. Appeal dismissed.

Jones, Sexton, Jones, Buck & Gibson, of Marshall, for appellant.

Bibb & Caven, of Marshall, for appellee.

HODGES, J. In June, 1918, the appellant, Harris, filed this suit against Payne, as Director General of Railroads, to recover damages for personal injuries. He recovered a judgment in the trial court, which was affirmed on appeal to this court. See Payne v. Harris, 228 S. W. 350. However, a writ of error was granted and the judgment was reversed by the Supreme Court. Payne v. Harris, 241 S. W. 1008. On the second trial a judgment was rendered against Harris. From that

---

judgment he has attempted to prosecute an appeal to this court, upon an affidavit in lieu of an appeal bond. The appellee has filed a motion to dismiss the appeal, upon the ground that the statute has not been complied with.

The record shows the following facts: The March term of the district court of Harrison county, during which this case was tried, convened on the 10th day of March, 1924, and adjourned on the 31st of May following. This case was called for trial on the 9th day of April, 1924, and a judgment rendered on the 14th of the same month. Appellant's motion for a new trial was overruled May 31, the day on which the court adjourned. No appeal bond was executed within the time prescribed by law, but on the 5th day of June, after the adjournment of that term of court, Harris made an affidavit of his inability to pay the costs of appeal or to give security therefor, before a notary public. This affidavit was later presented to the Honorable P. O. Beard, District Judge, who orally directed it to be filed.

[1] The decisive question before us is, can proof of inability to pay the costs of appeal be made before the district judge who tried the case, after the expiration of the term of his court? That question has been repeatedly answered in the negative. Hearne v. Prendergast, 61 Tex. 627; Graves v. Horn, 89 Tex. 77, 33 S. W. 322; Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 659; Lambert v. W. U. Tel. Co., 19 Tex. Civ. App. 415, 47 S. W. 476; Leslie v. Leslie (Tex. Civ. App.) 239 S. W. 633; Smith v. Queen City Lumber Co. (Tex. Civ. App.) 129 S. W. 1145; Bargna v. Bargna (Tex. Civ. App.) 123 S. W. 1143; Dixon v. Lynn (Tex. Civ. App.) 154 S. W. 656; Jesse French Piano & Organ Co. v. Elliott (Tex. Civ. App.) 166 S. W. 29; Ridling v. Fannin County (Tex. Civ. App.) 190 S. W. 251; Horn v. Ry. Co. (Tex. Civ. App.) 201 S. W. 1101; Oliver v. Swift & Co. (Tex. Civ. App.) 220 S. W. 234.

Article 2098 of the Revised Civil Statutes is as follows:

"Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, in order to do so, he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party, stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party, under this article, to his appeal."

Counsel for appellant concede that the construction of this statute has been uniformly

against the proposition they now assert. But they contend that such a construction is wrong and is unfair to poor litigants who wish to appeal without bond. They insist that the words "or before the court trying the case" should, when required to sustain an appeal, be read, "or before the judge trying the case," treating the words "court" and "judge" as synonymous terms. This statute in its present form has been in force in this state for many years, during which time our laws have undergone several revisions without altering the wording above referred to. The case of Hearne v. Prendergast, cited above, was decided in 1884. In rendering the opinion Chief Justice Willie said:

"In the present case there is in the record an affidavit in proper form, sworn to by the appellant before a notary public, but it is not certified to by a county judge, nor could it have been made in the court trying the cause, as that court had adjourned for the term several days before the date of the affidavit."

[2] Even if the legislative intent were doubtful, we should not feel justified in now disturbing the construction so long adopted by the courts and apparently acquiesced in by the Legislature.

The motion to dismiss the appeal will be granted.